**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL WAYNE THOMAS, JR
ADC #611338                                                                                                    PLAINTIFF

V.                                       NO: 5:06CV00095 SWW/HDY

RAY HOBBS *et al.*                                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright.. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on April 20, 2006.

### **I. Screening**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.

1998). When making this determination, the Court must accept the factual allegations in the complaint as true, and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Finally, a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Plaintiff's Claims

According to Plaintiff's complaint, Defendants have conspired to attempt to rape him, murder him, and deny him the opportunity to exhaust his grievances. Plaintiff also contended that inmates are involved in "their" plot to assassinate him. Plaintiff further alleged that Defendants have covered up the theft of unspecified clothes, "commissary," and personal property; and that they are involved in the "creation of events," by officers and inmates, then justify their actions when he complains. Because Plaintiff's complaint contained no specific factual allegations, he was ordered to file an amended complaint, which he did on May 10, 2006 (docket entry #8).

Plaintiff is essentially alleging a conspiracy by Defendants to violate his constitutional rights. To prove a § 1983 conspiracy claim against a particular defendant, Plaintiff must show that the Defendants conspired with others to deprive him of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act caused him injury. *Askew v. Millerd,* 191 F.3d 953, 957 (8th Cir.1999). Plaintiff has alleged no facts, in either his complaint or his amended complaint, indicating an overt act by any alleged co-conspirator, nor has he alleged any specific injury. Rather, Plaintiff makes only vague, conclusory allegations regarding Defendants. Moreover, to the extent that Plaintiff is alleging a constitutional

violation due to the failure of officials to respond to all his grievances, Plaintiff's complaint fails to state a viable § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Accordingly, Plaintiff's claims should be dismissed for failure to state a claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this _15_ day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE