**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL WAYNE THOMAS, JR
ADC #611338                                                                                                          PLAINTIFF

V.                                            NO: 5:06CV00095 SWW/HDY

RAY HOBBS *et al.*                                                                                              DEFENDANTS

**ORDER**

      The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge H. David Young, and the objections filed.  In his objections, Plaintiff states that Defendants "cover-up" for cruel and unusual punishment by failing to acknowledge his grievances about correctional officers who physically assault and batter him. Plaintiff states that he is "trapped in [a] chain of conspiracy" because if he files a lawsuit seeking relief from the constitutional injury underlying his unanswered grievances, his complaint would be dismissed for failure to exhaust administrative remedies.

      As stated in Judge Young's recommended disposition, the failure to process inmates' grievances, without more, is not actionable under § 1983.  *See Fallon v. Coulson,* 1993 WL 349355, *1 (8th Cir.1993) (table op.)(citation omitted).  Plaintiff does not claim that Defendants failed to respond to his grievances in retaliation for his exercise of a constitutional right; nor does he allege a causal connection between the failure to respond to his grievances and any constitutional injury he may have suffered.  Furthermore, Plaintiff's right to access the courts is not compromised by Defendants' alleged failure to respond to his grievances.  The Eighth Circuit has held that "inmates cannot be held to the exhaustion requirement of the [Prison Litigation Reform Act] when prison officials have prevented them from exhausting their administrative remedies." *Lyon v. Vande Krol,* 305 F.3d 806, 808-09 (8th Cir. 2002); *see also Foulk v. Charrier,* 262 F.3d 687, 697-98 (8th

Cir.2001)(holding that trial court lacked a sufficient basis to find that inmate failed to exhaust administrative remedies when prison officials refused to respond to his grievances).

After carefully considering Plaintiffs' objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED THIS 13TH DAY OF JULY, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE